### JENSEN v. KIDMAN et al.

No. 5361.   Decided December 7, 1934.   (38 P. [2d] 303.)

*J. D. Skeen* and *E. J. Skeen*, both of Salt Lake City, for appellants.

*Lewis Jones*, of Brigham, for respondent.

FOLLAND, Justice.

Plaintiff brought suit to quiet title to 960 acres of land located in Box Elder county, naming several defendants. Veda Doutre is the only defendant contesting the suit and is the only appellant. By her answer she denied the allegations of the complaint, and by counterclaim set up an interest as assignee of Hyrum Kidman in two contracts for the sale of the land in question made in 1917. These contracts and the assignment will be set out more fully hereinafter. Plaintiff by reply denied the affirmative allegations of the answer and counterclaim and alleged that any cause of action alleged by defendant is barred by the statute of limitations. The court, after a hearing, held there was no showing of adverse possession by plaintiff as against Veda Doutre, and that she was entitled to an accounting. Without waiving any of the allegations of his complaint, defendant filed, by permission of court, an amendment to the complaint in which he set forth an accounting with respect to his management of the lands in question. Thereupon, after further hearing the court made findings of fact and conclusions of law wherein it was held that plaintiff was owner of the premises subject to an outstanding contract of sale in which Veda Doutre had an interest, and that she should have five days from the date of the signing of the findings of fact and conclusions of law within which to tender the amount due on the contract of sale. The amount found to be due was $49,412.24. On payment of such sum she was to receive a deed to the premises. On her failure to tender such amount within such time a decree quieting title in plaintiff was duly made, filed, and entered. From this decree

appeal is taken. The assignments of error urged by appellant may be grouped under three heads: (1) That appellant had an equitable interest in the lands which could not be forfeited in the manner directed by the court; (2) that certain findings of fact are not supported by evidence, and (3) that the decree is not supported by the findings of fact and conclusions of law. Respondent made cross-assignments of error on the rulings of the court against plaintiff on his claim that Veda Doutre had no right, title, or interest in the property.

The evidence discloses a situation which is indeed anomalous to the extreme. The contracts about which the controversy turns seem to have been drawn by the parties themselves without the aid of a lawyer. Some of the provisions are novel, ambiguous, and uncertain. On May 3, 1917, by written contract, Hyrum Jensen, the plaintiff, agreed to sell to Hyrum Kidman all of section 29 and the south half of section 21, Tp. 14 N. R. 5 W., Salt Lake meridian, containing 960 acres, together with the improvements, machinery, produce, and animals on the place, for the sum of $35,650, on which a down payment of $9,500 was acknowledged, leaving a balance of $26,150 to be paid by vendee with interest at the rate of 8 per cent per annum. Vendee agreed to pay all taxes and assessments levied against the property. The contract contains the following paragraphs:

"The party of the second part agrees to make payments in such amounts and at such times as proceeds from crops on the premises are obtainable, and to pay to the party of the first part all of such proceeds each year, except a reasonable amount for the upkeep and prudent management of the premises. And in case of failure to do so on the part of the party of the second part, his heirs, or assigns, or legal representatives, the party of the first part may take possession of said premises and all belongings thereto, and operate the same for his own personal use until the party of the first part shall have received off from said premises sufficient to pay all of said sum remaining unpaid with interest thereon as stated, after first paying all operating expenses.

"So long as the party of the second part, his heirs, or assigns, or legal representatives shall faithfully fulfill his or their part in this agreement both in letter and spirit the party of the first part, his

heirs, or assigns, or legal representatives, hereby agree to grant if necessary ten years' time, in which to make final settlement, from date. And should the party of the second part, his heirs or assigns or legal representatives desire to and make final settlement at any time before time stated herein irrespective of crop conditions and proceeds therefrom, the party of the first part agrees to, after January 1st, 1920, make, execute, and deliver to the said party of the second part, his heirs, or assigns, and upon the surrender of this contract, a bargain and sale deed for the conveyance of said premises."

In this contract there is no provision for termination of the contract or forfeiture of the interest of the vendee. Kidman went into possession of the premises and remained until August 13, 1917, when possession was taken by W. H. Cash, E. D. Jones, and V. W. Cash pursuant to another contract in writing dated August 13, 1917, wherein Hyrum Kidman was first party, W. H. Cash, E. D. Jones, and V. W. Cash were second parties, and Hyrum Jensen designated as third party. By this contract first party and third party agreed to sell second parties the same 960 acres of land, improvements, etc., for $37,183, of which $4,000 was acknowledged to have been paid, leaving a balance of $26,150 due Jensen and $7,033 due Kidman, which principal sums second parties were to pay with 8 per cent interest, together with $475 accrued interest, and all taxes and assessments levied against the property. This contract contains the following provisions:

"All payments to be made to Hyrum Jensen, party of the third part, and there applied as follows, ten per cent to be returned to parties of the second part, Eighty one per cent of the balance of each payment to be retained by the party of the third part, and nineteen per cent of the balance of each payment less ten per cent to the parties of second part to be paid by the party of the third part, to the party of the first part, as his share of such payment or approximately so, until all payments shall have been made, and said purchase price paid.

"It is hereby agreed and understood that the parties of the second part do and shall acknowledge Hyrum Kidman, party of the first part and Hyrum Jensen, party of the third part as the owners of the premises and properties herein named, until payment in full shall have been made; that no produce nor animals shall be disposed of from the premises, except by the written order and consent of the

said party of the third part, and when so disposed of the proceeds shall be made payable to and in favor of the party of the third part, anything to the contrary shall be unlawful.

"It is hereby agreed by the parties of the second part that they will care for said premises and properties in a prudent and businesslike manner and market the products of the place to the best of their ability when instructed to do so by the said party of the third part.

"So long as the parties of the second part, their heirs or assigns or legal representatives shall faithfully fulfill their parts in this agreement both in letter and in spirit the parties of the first and third part hereby agree to grant if necessary, ten years time from date in which to make final settlement; and should the parties of the second part, their heirs or assigns, desire to make final settlement at any time sooner than that, the party of the third part agrees to, after January first, 1920 make, execute and deliver to the said parties of the second part their heirs or assigns, and upon the surrender of this contract, a bargain and sale deed for the conveyance of said premises.

"Should the parties of the second part, their heirs, or assigns fail or neglect to live up to the agreements and covenants herein named, the parties of the first and third parts may at any time upon reasonable evidence, take possession of the said premises together with all belongings thereto, and all payments made by the parties of the second part, on this contract, shall be forfeited to the parties of the first and third parts as damages. And such damages shall remain divided between the party of the first part and the party of the third part in the same proportion as they were divided upon the receipts of same; and in such case, the premises and properties shall rest upon the contract made by the party of the first part and the party of the third part on May third, 1917, which contract shall not be annulled nor set aside until this contract and agreement be fulfilled; but this contract shall rest upon the said contract of May 3d, 1917, and so long as this agreement is being fulfilled, it shall act as an easement towards satisfying the conditions of the said contract of May third, 1917.

"Upon the completion of this contract the contract of May 3, 1917, between the party of the first part and the party of the third part shall be cancelled as satisfied; while upon the failure of this contract and forfeiture of payments thereon, the contract of May 3, 1917, between the party of the first part and the party of the third part, shall be in full force and effect as before this contract was entered into."

Hyrum Kidman on the 8th of November, 1917, made, executed, and delivered to Fred Doutre, and Veda Doutre his wife, the following assignment:

"Know all men that I, Hyrum Kidman, of Mendon, Cache County, Utah, in consideration of $7033.00 and other valuable consideration to be paid by Fred Doutre and Veda Doutre his wife, of Logan City, Utah, the receipt of which is hereby acknowledged, do hereby sell, assign, transfer and set over to said Fred Doutre and Veda Doutre, his wife, their heirs and assigns, a certain contract, together with all my right, title and interest therein, dated August 13, 1917, made and executed by Hyrum Kidman, party of the first part therein, W. H. Cash, E. D. Jones, and D. W. Jones (sic) of Box Elder County, Utah, parties of the second part and Hyrum Jensen of Collinston, Utah, party of the third part, which said contract is for the sale of certain real estate, to wit: All of Section 29, Township 14 North, of Range five (5) West of the Salt Lake Meridian and also the south half of Section 21, Township 14 North, Range 5 West of the Salt Lake Meridian, containing in all 960 acres, to have and to hold the same to the said Fred Doutre and Veda Doutre, his wife, their heirs and assigns to them in their own use forever, subject, nevertheless to all the covenants and conditions mentioned in said contract. And I hereby authorize said Fred Doutre and his wife Veda Doutre to demand and receive all and every payment due me as covenanted in said contract to be given and paid."

W. H. Cash, E. D. Jones, and V. W. Cash went into possession of the premises under the contract and operated the farm until the 25th of March, 1921, when, because of their failure to make payments sufficient to pay the interest, the property was surrendered by them and taken over by Hyrum Jensen. During the time these parties were in possession some payments were made by them to Jensen who accounted to and remitted a portion of the moneys thus received to Fred Doutre on account of his assignment from Kidman. These accountings were January 16, 1919, for the year 1918, and the 16th of January, 1920, for the year 1919. No other payments were made to Doutre or his wife. At that time Fred Doutre and Veda Doutre were living together as husband and wife. They were divorced in December, 1928. The decree of divorce provided for a division of property between the parties, but in such decree there is no mention made of any claimed interest by either of them in or to the lands involved in this case. Mrs. Doutre has since re-

married, and her name is now Veda Doutre Larsen. Notice of forfeiture of the Cash, Jones, and Cash contract and the taking over of the property by Jensen was served on Fred Doutre by mail March 26, 1921. No such notice was ever served on Veda Doutre, although it is shown in evidence that she signed the receipt for the registered letter to Fred Doutre containing the notice from Jensen. In this letter Jensen made an accounting of moneys advanced to and received from W. H. Cash, E. D. Jones, and V. W. Cash under the contract of August 13, 1917, and showed a balance due him as of that time in the sum of $31,675.36 under his contract of sale to Kidman of date May 3, 1917.

Howard Rogers, a brother of Veda Doutre, appeared as a witness, although not a party to the action, and testified that the Doutres had assigned to him a $1,236.50 interest in their assignment from Kidman, and had also assigned to his brother, whom he did not name, a $1,536.50 interest. No accounting was made by Jensen to the Doutres or to the Rogers after he took possession of the place in 1921 until the accounting made in court in this case. Since 1921, Hyrum Jensen has had charge of the property, some years operating it personally and others by lease. In 1926, he made a conditional contract of sale of the premises to George Shumann. The evidence discloses that in some of the years a good crop was harvested yielding an income over and above cost of operation and in other years there was a deficit. The income from the place was wholly insufficient to pay the interest provided to be paid in the May 3, 1917, contract. Since 1921 taxes were paid by Jensen or Shumann, not by Kidman or his assignees. At the time the decree was entered the court found the amount still due Hyrum Jensen under his contract with Kidman to be $49,412.24. Appellant has objected that this sum was too large by $2,000 because of including within it compound interest. We think this is probably an error in computation and the amount due should be reduced to $47,412.24. In either event the figure is large enough to indicate the practical impossibility of the farm ever being able to produce sufficient net income to pay

Hyrum Jensen the principal and interest under his contract of sale to Kidman.

The trial court, after the first hearing, concluded that Veda Doutre had some interest in the contract of May 3, 1917, which had not been terminated or forfeited by notice or otherwise, so that she, standing as an assignee of Kidman, was entitled as vendee to receive title to the lands on payment of the amount of principal and interest found to be due. The court's order provided that she should have the privilege of paying the amount found due within five days after signing of the findings of fact and conclusions of law and on payment of such sum to receive a deed to the property.

It is appellant's contention that under the terms of the contract of May 3, 1917, there is no provision for forfeiture, but, on the other hand, in the event the vendee does not make payments as provided in the contract, it is specifically provided that the vendor, his heirs or assigns, or legal representatives, shall take possession of the premises and operate the same until he shall have received from the premises sufficient net income to pay the balance of the principal and interest due, and when the principal and interest are fully paid in this manner to then convey the property to the vendee by bargain and sale deed; that, since there is no time limit fixed by the contract, there is no way under which the vendor may forfeit the interest of the vendee or exclude him from maintaining an interest in the property; that appellant, being an assignee of Kidman, is thus entitled to require the vendor to operate the farm on these conditions indefinitely into the future in the hope that some day she may receive a deed to the premises. Respondent contends that, if Veda Doutre be held to have an interest at all in the premises, such interest may be declared forfeited after the expiration of ten years from the time when Jensen was required to take over the property on failure of the vendee to keep up interest payments, since, in another provision of the contract, ten years was referred to as the limit of time

which may be granted to make settlement where the vendee has fully complied with the requirements of the contract. It is said this construction of the contract should be made because it is unreasonable to say that it was the intent of the parties that the vendee should have forever in which to make payment in case he failed to perform his obligations under the contract where there is a limit of ten years when he does perform his obligations, and that it is unconscionable for a court of equity to decree that a vendee in default under such a contract as this can stand by and require the vendor, his heirs, executors, administrators, and assigns to operate the property forever in the hope that some day it will pay out. The trial court attempted to find a way out of this anomalous situation, caused by the peculiar wording of the contract, by giving appellant an opportunity to complete payment within the five-day period.

As we view the record, the controversy can be terminated and the judgment sustained because of failure of Veda Doutre to show an assignment to her of any interest in the contract of May 3, 1917. A reference to the assignment quoted in full above shows that Kidman assigned to the Doutres his interest in the contract of August 13, 1917. He did not assign or make any reference to the contract of May 3d. The Doutres, by accepting such assignment, did not obligate themselves to carry out or perform the obligations assumed by Kidman in his contract of May 3d. By the assignment the Doutres were entitled to demand and receive a percentage of the payments made on principal and interest by W. H. Cash, E. D. Jones, and V. W. Cash pursuant to their contract of August 13th with Kidman and Jensen. The assignment goes no farther. Jensen accounted to Fred Doutre for the Kidman share of the payments made by these vendees. Veda Doutre is not here complaining that she did not receive her share. She is merely contending that she stands in the place of Kidman with respect to the contract of May 3d, and has the right to demand of Jensen that he operate the farm indefinitely into the future until such time as the net income fully pays the

principal and interest due him under the contract of May 3d, and then to receive a deed from him to the lands in question or some portion thereof. We are of the opinion she has not established any right as assignee of Kidman to his rights, interests, and obligations under the contract of May 3, 1917, but only to an interest in some portion of the moneys paid by W. H. Cash, E. D. Jones, and V. W. Cash during the years 1917 to 1921 while they were operating the farm under the contract of August 13, 1917. Appellant, in her brief, is relying on a literal interpretation and application of the letter of the contract of May 3d, and has cited in support of her contention the following rule of law from 13 C. J. 525:

"It is not the province of the court to alter a contract by construction or to make a new contract for the parties; its duty is confined to the interpretation of the one which they have made for themselves, without regard to its wisdom or folly, as the court cannot supply material stipulations or read into the contract words which it does not contain."

To establish any right against Jensen, Mrs. Doutre must rely on her own title which must be found within the four corners or the assignment from Kidman to the Doutres. The rule above stated should be applied to a construction of her assignment. Ordinarily a court of equity will construe contracts liberally with a view of determining the real intent of the parties and to do equity between them. In this case the appellant is seeking to reverse the judgment on grounds which require the court to give a strict and literal interpretation to the May 3d contract resulting in an impossible situation. She does not offer to do equity or perform any obligation under the May 3d contract. We think the above rule, under the circumstances, should be applied in looking to the basis of the right asserted by appellant. We are justified in measuring her standing in court by the same standard or test which she seeks to apply to her adversary. Any cause of action she may have is limited to an accounting from Jensen under the terms of

the contract of August 13, 1917. Such a cause of action is not set forth or relied on by her in this suit.

Respondent did not cross-appeal, but merely filed cross-assignments of error. These are sufficient, if well taken, as we think they are, to perform the function of defending and upholding the judgment. *Jensen* v. *Utah Ry. Co.,* 72 Utah 366, 270 P. 349. ■

Judgment is affirmed, with costs to respondent.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.