306 P.2d 773

The CONTINENTAL BANK AND TRUST
COMPANY, a Utah Banking Corpora-
tion, Plaintiff,

v.

David H. BYBEE and Verda M. Bybee,
Defendants and Appellants,

W. H. Adams Carpet Company, Third-
Party Defendants and Respondents.

No. 8500.

Supreme Court of Utah.

Feb. 8, 1957.

Peter W. Billings and Albert J. Colton, Salt Lake City, for respondents.

McDONOUGH, Chief Justice.

Defendant appeals from the dismissal of a third-party complaint by which he impleaded respondent, Adams Carpet Company, to an action on a note held by plaintiff (not a party to this appeal). Defendant admits liability on the note to the plaintiff holder in due course, but asserts that the third-party defendant was obligated to "save appellants harmless" on the note.

In February, 1955, appellant David H. Bybee entered into an agreement with respondent Adams Carpet Company (the third-party defendants below) whereby carpet of a specified type was to be installed in the appellant's home for a purchase price of $607. The carpet was installed and accepted, the appellants paying $50 cash upon installation and $127 shortly thereafter. The Bybees then signed a promissory note for the balance of $430, which note was promptly discounted and negotiated without recourse to the Continental Bank and Trust Company. Appellants knew of the negotiation, and made one payment to the bank of $74.86, the first of six monthly payments promised on the note.

David H. Bybee, L. M. Haynie, Salt Lake City, for appellants.

Thereafter, Bybee complained of an unsightly, long seam near one end of the

carpet which had widened to over an inch in places. The manager of Adams Carpet Company made several visits to appellants' home in attempting to adjust the matter, and on one occasion took with him a crew of men who worked over the seam and reburled it. Later, the manager offered to remove the carpet and refund the appellants' money, which offer was refused.

In response to David H. Bybee's letter of May 13, 1955, which threatened court action should no adjustment be effected within five days, the carpet company's agent and manager, Thompson, telephoned Bybee and negotiated an adjustment settlement of $100 to be paid to Bybee by Adams Carpet Company. The same day Thompson and Bybee signed an agreement, and Bybee received both the check for $100 and a bill of sale for the carpet marked, "paid in full." Above Bybee's indorsement on the check Thompson had written, "In full settlement on adjustment on carpet installed in the Bybee residence."

The agreement had been drawn up by the appellant, David H. Bybee, who is an attorney at law, purportedly to include the oral terms settled over the telephone by the parties. It read as follows:

"Agreement

"This Agreement made and entered into by and between W. H. Adams & Sons of Salt Lake County, Utah and David H. Bybee of Davis County, Utah.

"Witnesseth:

"That Whereas, David H. Bybee has heretofore purchased a carpet from W. H. Adams & Sons which carpet has heretofore been installed and placed in the living room of the home of Mr. and Mrs. David H. Bybee at 6885 Orchard Drive, Bountiful, Utah, and a contract for payment of the unpaid purchase price had been entered into;

"And, Whereas, he is dissatisfied with said carpet,

"And, Whereas, W. H. Adams & Sons are desirous of making an amicable settlement: It Is Mutually Agreed:

"1. That W. H. Adams & Sons will pay to David H. Bybee the sum of One Hundred ($100.00) Dollars.

"2. Will give David H. Bybee a Bill of Sale for the carpet showing complete payment and vesting the title of the property in David H. Bybee.

"3. Will cancel any and all evidences of any indebtedness by David H. Bybee to the W. H. Adams & Sons, their assignees, or transferees, or agents.

"4. David H. Bybee will give and does by these presents give to W. H. Adams & Sons a complete release from any and all liability, damages, actions or any claim that he may have against

W. H. Adams & Sons by reason of having purchased the aforesaid carpet.

"Dated May 18, 1955.

"W. H. Adams & Sons
"By: /s/ C. M. Thompson
"/s/ David S. Bybee
"David H. Bybee"

Appellants' only contention is that the trial court erred in applying an individual or subjective standard of meaning to a bilateral contract in writing. This proposition is tersely supported by quotations from Wigmore on Evidence, American Jurisprudence and two Utah cases, all of which assume the very question which should be decided: That the contract in writing was unambiguous on its face.

Respondent argues both that the agreement was not unambiguous on its face, and that the interpretation by the trial court in light of all the evidence was reasonable in finding the contract did not include a promise to assume payment of the promissory note in the hands of the bank. Respondent claims that paragraphs 3 and 4 were merely mutual releases between the parties themselves.

■ The sole question before this court, then, is whether the parties intended by this agreement that respondent should assume the obligation on the note held by Continental Bank. This intent should be ascertained first from the four corners of the instrument itself, second from other contemporaneous writings concerning the same subject matter, and third from the extrinsic parol evidence of the intentions. Mathis v. Madsen, 1 Utah 2d 46, 261 P.2d 952. If the ambiguity can be reconciled from a reasonable interpretation of the instrument, extrinsic evidence should not be allowed. Penn Star Mining Co. v. Lyman, 64 Utah 343, 231 P. 107; Jensen v. Kidman, 85 Utah 27, 38 P.2d 303. If the instrument on its face remains ambiguous in spite of the reasonable construction, the intent may be ascertained in the light of all written instruments which were a part of the same transaction. Strike v. White, 91 Utah 170, 63 P.2d 600. If the intent is ambiguous still, then parol evidence may be admitted, Milford State Bank v. West Field Canal & Irr. Co., 108 Utah 528, 162 P.2d 101; and rules of construction may be invoked to declare the intention of the parties. Penn Star Mining Co. v. Lyman, supra.

■ On the face of the agreement set out above, the words in paragraph 3 raise some doubt as to whether a negotiated note should be canceled as an evidence of indebtedness "by David H. Bybee to the W. H. Adams & Sons, their assignees, or transferees, or agents." But this ambiguity is reconciled when the contemporary writing on the back of the $100 settlement check is construed together with the agreement. The words, "In full settlement on adjust-

ment on carpet installed in the Bybee residence," which were written above David Bybee's negotiation of the $100 check from respondent to Bybee clearly indicate that the parties intended only an adjustment of the purchase price by a $100 reduction, and not that respondent would assume Bybee's obligation on the promissory note in the hands of the bank.

It is not credible that respondent intended that Bybee should be given both $100 and the carpet free from further obligation, merely to assuage him from a claimed breach of warranty, the damages of which would be only a fraction of the purchase price.

■ Extrinsic parol evidence and rules of construction bear out this interpretation. Since Bybee was both the attorney draftsman of and a party to the instrument, the proper construction of this instrument should be strictly against him. When the instrument neither mentioned the promissory note in paragraph 3, nor asked for return of the note, which after all is proper means of legally cancelling a negotiable instrument, we feel the parties did not intend such note to be assumed by respondent Adams Carpet Company.

The ambiguity within the four corners of the instrument in question can be clarified by the contemporary writing, rules of construction, and the parol extrinsic evidence within the record.

Judgment is affirmed.  Costs to respondents.

CROCKETT, WADE, WORTHEN and HENRIOD, JJ., concur.