323 P.2d 258

**HUBER & ROWLAND CONSTRUCTION CO., Plaintiff and Appellant,**

v.

**CITY OF SOUTH SALT LAKE,** Defendant and Respondent.

No. 8766.

Supreme Court of Utah.

March 26, 1958.

R. J. Rimensberger, Salt Lake City, for appellant.

W. W. Kirton J., Lowry, Kirton & Bettilyon, Salt Lake City, for respondent.

CROCKETT, Justice.

The problem of concern here is the interpretation of a contract under which the plaintiffs undertook a construction project of installing sidewalk, curb and gutter in the city of South Salt Lake. The plaintiffs claim that they are entitled to a higher rate of pay for removal of the old sidewalk than the 75¢ per cubic yard allowed and paid them by the defendant for "structural excavation"; and which the trial court held paid them in full. From that ruling plaintiffs appeal upon the judgment roll only, relying upon the language of the contract.

The contract, which the plaintiffs obtained as low bidders, incorporated the plans for the project which set forth in detail the specifications for the work. Included was an item for structural excavation which was bid at the rate of 75¢ per cubic yard, and the following:

"Description—Structural excavation shall include the performance of all operations incidental to the excavation of earth and rock, of whatever kind, or structures on the project * * *."

The over-all provision with respect to payment was that the contractor should be paid:

"As full consideration for the performance of this contract, the contract unit bid price per item * * * for * * * work actually performed."

Plaintiffs do not question that it was both necessary and required under the contract to remove the old sidewalk. The basis of their argument is that it is a more difficult and expensive operation than the excavation of dirt, gravel and natural materials; that the parties did not intend it to be included in the term "structural excavation" quoted above; and that by inadvertence, no provision was included in the contract for its removal and payment therefor. Consequently, they aver, they should be awarded reasonable compensation for doing such work under the theory of quantum meruit.

We are in accord with the rule advocated by plaintiffs that doubtful or ambiguous portions of a contract should be construed against the party who draws it.[1] Assuming that under such rule the provisions of the contract in question can be regarded as sufficiently uncertain to open the door to extraneous evidence to determine the intent of the parties,[2] there are two significant impedimenta to the contention of the plaintiff, and which persuasively support the interpretation insisted upon by defendant and adopted by the trial court.

The first is that, in view of the great detail with respect to which all of the requirements of the contract are spelled out in over 50 pages of specifications, it seems quite incredible that the parties would have entirely overlooked such a substantial item as the removal of the old sidewalk for which the plaintiffs now sue for $3,245.20 additional compensation. If contractors such as plaintiffs can make a competitive bid on a project, omitting such a substantial item, then sue and recover on quantum meruit, it is readily seen what havoc could be wrought with the competitive bidding.

The other and more important obstacle to plaintiffs' contention is the dilemma they confront in the provisions of the contract itself. It provides that payment of the unit price bid per item shall constitute full payment for the performance of the contract; and also that there shall be no "extra work" beyond that set forth in the contract unless authorized in writing by the engineer in charge. The removal of the old sidewalk must be regarded as one thing or the other: that is, it is either included within the contract, or it is not included therein. If included, the plaintiffs are on one horn of the dilemma, because the bid price of 75¢ per cubic yard for all "structural excavation," including removal of the old sidewalk, was paid them in full as the trial court correctly held. If not included, as plaintiffs contend, they would find themselves impaled upon the other horn of the dilemma. It would have to be considered as "extra work" beyond that specified in the contract. In such event the contract clearly provides that it cannot be done and charged for without written approval of the engineer, which admittedly was not done.

Affirmed. Costs to respondent.

McDONOUGH, C. J., and WADE, WORTHEN and HENRIOD, JJ., concur.

1. Continental Bank & Trust Co. v. Bybee, 6 Utah 2d 98, 306 P.2d 773; Restatement of Contracts, Vol. 1, Sec. 236.

2. See Ephraim Theatre Co. v. Hawk, Utah, 321 P.2d 221.