325 P.2d 264

**AUTO LEASE COMPANY, a partnership, Plaintiff and Appellant,**

v.

**CENTRAL MUTUAL INSURANCE CO., a corporation, Defendant and Respondent.**

No. 8746.

Supreme Court of Utah.

May 13, 1958.

————◆————

Alan H. Bishop, Blaine L. Openshaw, Salt Lake City, for appellant.

Cannon & Hanson, Salt Lake City, for respondent.

CROCKETT, Justice.

Auto Lease Company, a partnership, sued on an insurance policy to recover for damage to an automobile it had purchased while it was being transported from Chicago to Salt Lake City. Defendant moved for summary judgment. Upon the basis of the pleadings, documentary evidence, and the deposition of C. R. Jacobs, one of plaintiff partners, the trial court ruled as a matter of law that the automobile was not covered by the policy and dismissed the action.

The motion for summary judgment is in effect a demurrer to the contentions of the adverse party, saying: conceding the facts to be as you claim, there is no basis for recovery. Accordingly, we consider all aspects of the case in the light most favorable to the plaintiff, against whom the motion was granted.[1]

Auto Lease owns about 20 cars which it leases to various businesses. To Bearing Service and Supply Company it leases five. These cars are insured as a fleet under the subject policy in which each was specifically described. Auto Lease had agreed to purchase a replacement for one of the cars; it did so and took delivery at Chicago January 31, 1956; while the car was being driven to Salt Lake City it was involved in a collision; was practically demolished and sold for salvage; and the loss was $1,900. Plaintiff does not claim that the subject car had been delivered to, or placed in the service of, Bearing Service. It does assert that it had been purchased and committed to that purpose and was in transit to fulfill that plan when the accident occurred.

One aspect of plaintiff's appeal is the charge that the summary judgment was improperly granted because there was a

1. Morris v. Farnsworth Motel, 123 Utah 289, 259 P.2d 297.

genuine issue of fact in dispute: whether the subject car was a replacement for one of the fleet of cars furnished to Bearing Service. That contention would have merit only if it were necessary to determine some disputed fact in order to resolve the question as to coverage. However, inasmuch as, even under the facts as plaintiff contended the issue was correctly resolved against it, the question was one of law and the summary procedure and judgment were proper.

The plaintiff's argument that the subject automobile was covered by the policy is grounded upon two of its provisions under the heading: Automatic Insurance for Newly Acquired Automobiles, which state: "If the insured * * * acquires ownership of another automobile and so notifies the company within 30 days following the date of delivery * * * this policy applies to such other automobile as of the date of such acquisition; (a) if it replaces an automobile described in this policy or (b) if it is an additional automobile and if the company insures all automobiles owned by the insured. * * *"

In regard to the two provisions just recited:

(b) does not apply to the plaintiff, Auto Lease, because it owned other automobiles which were not insured by the defendant company.

 (a) above provides the basis for a more plausible argument: Plaintiff advances the view that the reasonable interpretation of such provision is that a newly purchased automobile is covered from the date of purchase if it is intended to replace an automobile covered by the policy. In support thereof it cites the rule that in case of uncertainty or ambiguity, the language of the policy should be construed most strongly against the company because it drew and issued it.[2] But that rule has no application unless there is some genuine ambiguity or uncertainty in the language upon which reasonable minds may differ as to the meaning. That requirement is not satisfied because a party may get a different meaning by placing a forced or strained construction on it in accordance with his interest.[3] The test to be applied is: would the meaning be plain to a person of ordinary intelligence and understanding, viewing the matter fairly and reasonably, in accordance with the usual and natural meaning of the words, and in the light of existing circumstances, including the purpose of the policy.[4] If so, the special rule of construction is obviously unnecessary.

2. Huber & Roland Const. Co. v. South Salt Lake, Utah, 323 P.2d 258; Restatement of Contracts, Vol. 1, Sec. 236.
3. See Parish v. County Fire Ins. Co., 134 Neb. 563, 279 N.W. 170, 126 A.L.R. 703.
4. See Equitable Life Assur. Soc. v. Gillam, 195 Ga. 797, 25 S.E.2d 686, 147 A.L.R. 1008; See Anno. 127 A.L.R. 483.

340

An analysis of the language in question reveals that the meaning the plaintiff seeks to glean therefrom amounts to a distortion from the literal meaning of the present indicative of the emphasized verb: "If it *replaces* an automobile" (which usually indicates a fact accomplished), to the future tense, which literally would require the interpolation of the emphasized words, "If it is *intended to replace* an automobile." The latter emphasized words are not in the policy. The true meaning of the clause in question is better understood if we insert the word "actually" before the questioned verb "replaces." It would then read: "If it [actually] replaces an automobile described in the policy." So read it seems clear that it means that the new car must be put in service and take the place of one of the cars described in the policy before it becomes insured. That the foregoing is the proper construction to put upon the language of the policy is in keeping with the over-all purpose of insuring the fleet of five cars in use by Bearing Service, as shown in the policy, and eliminates the possibility of augmenting the number.

The policy was written on a fleet of five cars, and the premiums charged were presumably based upon the risk involved in the operation of five automobiles in that business. It seems quite obvious that the provision for coverage of "Newly Acquired Automobiles" was intended to cover other cars which might be substituted for any of the five described, and not to increase the coverage to more cars. If the plaintiff's position were correct, under a fleet policy, the insured could purchase one, two, three or any number of cars up to the total number in the fleet, and by expressing the intention that they were to replace cars described in the policy, have them covered by insurance, while the vehicles intended to be retired were still in service. Thus for a time, at least, he could have coverage on double the designated number of cars. The trial court correctly viewed the policy as covering only cars designated therein, or which had actually replaced them.

Affirmed. Costs to defendant.

McDONOUGH, C. J., and WADE, WORTHEN, and HENRIOD, JJ., concur.