406 P.2d 31

**Erwin Dale MOTZKUS, Plaintiff and Appellant,**

**v.**

**Linda Joy MOTZKUS, Defendant and Respondent.**

**No. 10315.**

Supreme Court of Utah.

Sept. 28, 1965.

---

Leland S. McCullough, Salt Lake City, for appellant.

Dean R. Mitchell, Salt Lake City, for re-spondent.

CROCKETT, Justice:

Plaintiff, Erwin Dale Motzkus, petitioned the court in a supplemental proceeding in the above captioned divorce action for the custody of his son, Lyndon Dale, age 8. At the conclusion of the plaintiff's evidence, the court granted defendant's motion to dismiss the proceeding and plaintiff appeals.

The parties had been divorced on the 4th of December 1958 in the District Court of Salt Lake County, and the custody of the boy had been given to his mother the defendant, Linda Joy Motzkus. In April of 1964 the defendant mother asked the plain-tiff to take the boy because she had been experiencing considerable trouble with him. Particularly, that even at his age he did not have control and/or discipline with respect to his bowel movements and urination and was not doing well in school. The plaintiff took the boy in his home and has kept him from that time until this hearing in January of 1965.

According to the evidence, and the reasonable inferences to be drawn therefrom, these facts appear: the plaintiff has remarried, has three more children and has a good home in which Lyndon is accepted and is comparatively well-adjusted; he is doing better in school and appears to have made considerable progress in overcoming the difficulties above referred to. The latter facts are confirmed by the testimony of the school principal and the school teacher.

The defendant's motion was in effect a challenge: that the plaintiff's evidence had not made a prima facie case for custody. Inasmuch as it was granted, we review the evidence in the light most favorable to him.[1] We appreciate that there is a presumption that the defendant mother is a fit and proper person to have the custody of the boy, and that the prior decree should not be disturbed unless some justification for doing so is shown.[2] But upon the basis of the facts here appearing:

1. See Auto Lease, Co. v. Central Mutual Ins. Co., 7 Utah 2d 336, 325 P.2d 264..

2. See Johnson v. Johnson, 7 Utah 2d 263, 323 P.2d 16.

that defendant recognized her own difficulties and requested the plaintiff's help; that he took the child into his home where definite improvement was effected, we are inclined to the view that this would justify the requested change in custody, in the absence of any evidence to the contrary. That being so, in the ordinary civil case we would be obliged to rule for the plaintiff.

But it should be kept in mind that a contest over the custody of a child is something more than an adversarial proceeding between the parties. More important than their rights is the welfare of the child which is always the paramount consideration,[3] and which the court, representing the interest of the public, has a duty to safeguard. In that connection the custody of this child is of such vital concern that under the circumstances shown here it was not advisable for the District Court, nor would it be for us, to rule upon this problem when the evidence shows only one side of the picture. Therefore it is our judgment that the order granting the motion to dismiss should be vacated and the cause remanded to the District Court for further proceedings not inconsistent herewith; and to then determine the question of his custody. No costs awarded.

HENRIOD, C. J., and McDONOUGH, WADE, and CALLISTER, JJ., concur.

---

**3.** See Walton v. Coffman, 110 Utah 1, 169 P.2d 97.