450 P.2d 467

Jerome B. GUINAND, Plaintiff and Respondent,

v.

Paul T. WALTON and Thomas F. Kearns, dba Walton-Kearns, Defendants and Appellants.

No. 11153.

Supreme Court of Utah.

Feb. 7, 1969.

Gustin & Richards, Harley W. Gustin, Jones, Waldo, Holbrook & McDonough, J. Wendell Bayles, Salt Lake City, for appellants.

Moffat, Iverson & Taylor, Richard H. Moffat, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

Plaintiff, Jerome E. Guinand, sued in contract to recover 3% commission on sales and 10% of the assets of Walton-Kearns partnership for services rendered to it. The defenses relied on by the partnership, are: no valid contract; no consideration; and the statute of frauds. Upon trial the district court found that letter set out below on which plaintiff placed reliance did not constitute a valid contract, but nevertheless, on the basis of the whole evidence, granted plaintiff judgment for his commissions and the 10% of the partnership assets. Defendants appeal.

It appears from the defendants' brief that the award of 3% of the sales handled by the plaintiff is not challenged. It states: "Appellants * * * do not question the ruling to the effect that the instrument sued upon by the plaintiff was a nullity and not

supported by a consideration, *nor do they complain of the commissions awarded plaintiff."* Plaintiff seeks to uphold the judgment and in support thereof by cross-appeal contends that the trial court erred in its ruling that the letter did not constitute a valid contract.

The Walton-Kearns partnership has, since 1955, been engaged in the acquisition and exploitation of lands and leaseholds for oil, gas and other hydrocarbons. Plaintiff was employed by it from that time until May of 1965. At the time of our concern here, in December 1961, he was receiving a commission of 3% on the gross sales price for the "deals" he was responsible for selling. At that time he talked to partner, Paul T. Walton, about the possibilities of himself becoming a partner. Mr. Walton seemed to react favorably but said it was necessary to check with the other partner, Mr. Kearns, who apparently thought otherwise, yet wanted to keep plaintiff satisfied. Some time thereafter Mr. Walton had his attorney draw up the following letter which he thought would accomplish that purpose and yet not make the plaintiff a partner:

Dear Mr. Guinand:

This letter is to confirm your ownership of an undivided ten per cent (10%) interest in WALTON-KEARNS, a copartnership composed of Paul T. Walton and Thomas F. Kearns. This interest includes and is not in addition to the various interests from time to time heretofore acquired by you.

Upon termination of your employment with the partnership for any cause whatsoever your interest in the partnership will be determined and discharged as of said time without resulting in a dissolution of the partnership; and such interest as may have theretofore been vested in you in specific properties shall become your separate property, subject to adjustments incident to your proportionate share of the then partnership indebtedness.

(Signed by the partners, Paul T. Walton and Thomas F. Kearns.)

Plaintiff continued his employment with the partnership until May of 1965, and thereafter brought this suit alleging that he had not received his 3% on the sales he was entitled to, nor the 10% of the partnership's assets.

 The letter states plainly enough for anybody to understand that plaintiff is to have "an undivided ten per cent (10%) interest" in the partnership. The fact that it states only a unilateral promise and does not recite the consideration therefor does not compel the conclusion that there is none. The document was drawn up by the defendants through their attorney, and therefore it

should be strictly construed against them.[1] Inasmuch as the letter was silent on an important aspect of the agreement, that is, what if anything the defendants received for what they granted, the only fair and sensible thing to be done was what the trial court did: admit other evidence to show what the arrangement between the parties was.[2] This was necessary to get at the justice of the case, whether the letter in question amounted to a binding obligation, as we think it did, or even if it was not, as defendants contend. Both from the letter itself, and from the evidence, the only reasonable inference to be drawn was that the commitment of 10% of defendants' property was an inducement in connection with the plaintiff's work for the defendants; and where no time was specified, a reasonable time would be implied.[3] It may well be true, as defendants argue, that the plaintiff could have quit the next day. If he had, they might have had a defense. The fact is that he did not, but continued to work for them for more than three years, which the trial court could and apparently did regard as a reasonable time, which is consideration for the defendants' promise.

■ As a further defense defendants urge that the assets of the partnership consist of leaseholds and interests in land of which there has been no conveyance in writing to the plaintiff sufficient to satisfy the statute of frauds. The pertinent section is 25–5–1, U.C.A.1953:

No estate or interest in real property, other than leases for a term not exceeding one year, * * * shall be created, granted, assigned, surrendered or declared otherwise than by act or operation of law, or by deed or conveyance in writing subscribed by the party creating, *granting*, assigning, *surrendering* or *declaring* the same, or by his lawful agent thereunto authorized by writing.

From careful attention to the wording of that section it will be seen that there is no requirement either that the instrument in writing demonstrate a valid consideration, or that it be a complete contract in any other particular. All that is required is that the interest be granted or declared by a writing subscribed by the party to be charged. For the purpose of establishing that there was such a grant by the partnership it is not essential that its assets be described with particularity. The purpose of the statute is that certain matters of great importance such as the conveyance of real estate should be protected against frauds and perjuries.[4] As between the con-

---

1. Continental Bank & Trust Co. v. Bybee, 6 Utah 2d 98, 306 P.2d 773; Restatement of Contracts, Vol. 1, Sec. 236.
2. Ibid.; and see Barrett et al. v. Vickers et al., 100 Utah 534, 116 P.2d 772.
3. Zancanaro v. Cross, 85 Ariz. 394, 339 P.2d 746; Stark v. Shaw, 155 Cal.App. 2d 171, 317 P.2d 182.
4. See Corbin on Contracts, Vol. 2, p. 3: and 49 Am.Jur. 365.

testing parties here, that requirement is satisfied by the letter in question; and the granting of the 10% of the interest in the partnership includes the grant of its assets. (All emphasis added.)

Judgment for plaintiff and remanded for further proceedings in accordance with this opinion. Costs to plaintiff (respondent).

TUCKETT, HENRIOD, and ELLETT, JJ., and PARLEY E. NORSETH, District Judge, concur.

CALLISTER, J., having disqualified himself, does not participate.