480 P.2d 137

**Jerome B. GUINAND, Plaintiff and Respondent,**

v.

**Paul T. WALTON and Thomas F. Kearns, dba Walton-Kearns, Defendants and Appellants.**

**Nos. 11968, 11920.**

Supreme Court of Utah.

Jan. 14, 1971.

Callister, J., disqualified himself and did not participate.

**254**

Gustin & Gustin, Harley W. Gustin, Jones, Waldo, Holbrook & McDonough, H. R. Waldo, Jr., and J. Wendell Bayles, Salt Lake City, for defendants-appellants.

Moffat, Iverson & Taylor, Richard Moffat, Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice:

This case is here on appeal for the second time.[1] For background facts we refer to the prior decision and recite herein those necessary to an understanding of the issues now involved. Plaintiff had been an employee of defendants Walton and Kearns in connection with which they had given him the following letter:

Dear Mr. Guinand:

This letter is to confirm your ownership of an undivided ten per cent (10%) interest in WALTON-KEARNS, a co-partnership composed of Paul T. Walton and Thomas F. Kearns. This interest includes and is not in addition to the various interests from time to time heretofore acquired by you.

Upon termination of your employment with the partnership for any cause whatsoever your interest in the partnership will be determined and discharged as of said time without resulting in a dissolution of the partnership; and such interest as may have theretofore been vested in you in specific properties shall become your separate property, subject to adjustments incident to your proportionate share of the then partnership indebtedness.

(Signed by the partners, Paul T. Walton and Thomas F. Kearns.)

In the prior case the defendants had asserted as defenses: (1) no valid contract, (2) no consideration therefor, and (3) the statute of frauds. In the original trial the trial court resolved these issues in favor of

1. Prior decision, 22 Utah 2d 196, 450 P.2d 467 (1969).

the plaintiff. This we affirmed on appeal and stated, inter alia, as follows:

> * * *; and the granting of the ten per cent (10%) of the interest in the partnership *includes the grant of its assets*.

We remanded the case to the district court "for further proceedings in accordance with this opinion," i.e., for what we assumed to be a determination of 10% of the assets.

Difficulty developed in the "further proceeding" in the district court in that the defendants urged a distinction between the granting of a 10% interest in the *partnership* as compared to a grant of 10% interest in the *assets* of the partnership. As stated by them: "* * * our position [is] that plaintiff is entitled *not to an undivided ten per cent of all assets of Walton-Kearns,* a partnership, but *to ten per cent of its assets* remaining *if it has been dissolved* as of the date of termination of plaintiff's employment with the partnership." Proceeding from that premise, the defendants advance the further argument that the plaintiff's entitlement should be calculated under a partnership accounting procedure involving a hypothetical dissolution of the partnership, in which Walton and Kearns would be repaid their original capital investment, the partnership debts

paid, and plaintiff would then get 10% of the remaining assets.

In regard to whatever uncertainties may have existed in the defendants' letter to the plaintiff, it is pertinent here to repeat this statement from our prior decision:

> Both from the letter itself, and from the evidence, the only reasonable inference to be drawn was that the commitment of ten per cent (10%) of defendants' property was an inducement in connection with the plaintiff's work for the defendants. * * *

This thought arises: If the 10% interest tendered plaintiff had been subject to the prior repayment of defendants' contributions, the letter, drafted by the defendants' own lawyer, could easily have said so.[2] In this regard, insofar as the evidence shows, the accounting as proposed by the defendants would not have served as much of an inducement to plaintiff for continuing his employment. The fact is that under it the plaintiff would be owing the partnership something over $2,000.

■ In issuing the prior decision we thought, and still think, that the statement that: "* * * the granting of the ten per cent (10%) of the interest in the partnership includes the grant of its assets," was clear enough to indicate that the plaintiff was to have 10% of whatever assets

2. That uncertainties in document should be construed against the one who fashioned it, see ibid, prior decision and authorities therein cited.

the partnership owned at the time of the termination of his employment. In connection with the further proceeding and trial of the issues the district court correctly so understood and applied our prior decision, and held that it did not mean that there should be a hypothetical dissolution of the partnership and repayment to the defendants of their capital investments as a precondition to the determination of the ten per cent of the assets owned by defendant partnership awarded to the plaintiff. It is also to be noted that this conclusion of the trial court finds support in the portion of the letter hereinabove quoted which states: "Your interest in the partnership will be determined and discharged as of said time [termination of employment] *without resulting in a dissolution of the partnership."*

■ Further controversy exists concerning aspects of the accounting between the parties, including the award to plaintiff of $2,756.87 as 3% commission on certain sales, less an offset of $1,938 for overpayments on other sales, leaving a net judgment in his favor of $818.87. Defendants attack such findings as being based solely upon the self-serving testimony of the plaintiff and urge the better credibility of other evidence. It is true that the self-interest of a witness may justify disbelief of his testimony.[3] But it does not necessarily require doing so. It is merely one of the factors which the court or jury may take into account in the exercise of their exclusive prerogative of determining what evidence they will believe.[4] This rule, coupled with the traditional rules of review: that we survey the evidence in the light most favorable to the findings, and that they will not be disturbed if there is any substantial support in the evidence for them, requires affirmance of the judgment in all particulars, except as presently noted below.

Regrettable as it is to direct further proceedings in this controversy, there is one matter, of minor importance compared to other aspects of the case, which has not been properly disposed of. The defendants contended that the plaintiff had taken and converted to his own use maps valued at about $700. The record indicates that this contention was rejected without giving the parties an opportunity to present their evidence and have a determination of this issue, which is necessary in order that justice be done thereon. In all other respects the judgment of the trial court is affirmed. (All emphasis added.)

Costs to plaintiff (respondent).

TUCKETT, HENRIOD, and ELLETT, JJ., and MERRILL C. FAUX, District Judge, concur.

CALLISTER, C. J., having disqualified himself, does not participate herein.

3. See Jensen v. Logan City, 96 Utah 522, 88 P.2d 459, 8 A.L.R. 796.

4. See Byram v. Payne, 58 Utah 536, 201 P. 401, 18 A.L.R. 1110, 58 Am.Jur. 489.