511 P.2d 731

**NATIONAL SURETY CORPORATION, Plaintiff and Respondent,**

v.

**CHRISTIANSEN BROTHERS, INC., a corporation, Finn B. Paulsen, Inc., a corporation, et al., Defendants and Appellants.**

No. 13168.

Supreme Court of Utah.

June 27, 1973.

LeRoy S. Axland and George W. Latimer, of Parsons, Behle & Latimer, Salt Lake City, for defendants-appellants.

Merlin R. Lybbert and Raymond M. Berry, of Worsley, Snow & Christensen, Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice:

National Surety Corporation (standing in shoes of subcontractor William A. Earl) sued defendants Christiansen Brothers, Inc. (herein referred to as the defendant), as general contractor, and the other parties, as subcontractors, for $11,456.98 as the unpaid part of $30,000 which it had been agreed among these parties in a prior suit that Earl was to receive as his share of a $160,000 fund, which had been received to settle certain claims of all the parties in connection with the building of the University of Utah Medical Center. The settlement as just stated is not disputed. Defendant Christiansen contends that it had been compelled to make certain repairs and supplement Earl's lath and plaster work; and that it was entitled to offset its claim against his share of the settlement.

On the basis of the pleadings, affidavits, documents and representations made to the trial court, it rendered judgment for the plaintiff for the stated amount. Defendants appeal.

Due to unforeseen and unplanned for settling of the foundation during the construction of the hospital, certain delays and damages occurred. Consequent to dispute between the parties a suit was commenced by subcontractor Interstate Electric Company against the general contractor Christiansen, and the State Building Board, and others were joined, including Earl, who cross-claimed, asserting damages of $200,000.

After negotiations in that suit, the State, through its Building Board, made available an appropriation of $160,000 from the legislature to pay the various claims; and a settlement was agreed upon that upon the payment of that sum as allocated therein to the various claimants, the suit was to be, and was in fact dismissed. The provision of concern here is the recital that $30,000 was to be paid to Earl in satisfaction of his claim. Consistent with this, the release which was required to be signed by Earl (and plaintiff National Surety Corporation who had taken over his duties and become entitled to payment for him) recited that in consideration of payment to William A. Earl and National Surety Corporation of the sum of $30,000, William A. Earl and National Surety Corporation agreed to release and discharge defendants (the parties to this suit) from any and all causes of action, claims, demands or damages *in any way arising out of the building contract*. The release also recited that it contained the *entire* agreement between the parties.

There is no indication that in the discussions the defendants said anything about claiming back-charges against Earl, nor

that they were going to withhold part of his share. It is significant that it was not until after all of the foregoing had transpired, the agreement of settlement had been executed, the $160,000 had been received by Christiansen, and the prior suit had been dismissed, that Christiansen first indicated that it was not going to pay Earl the full $30,000 as agreed, but claimed the offset as stated above.

■■■ There are several difficulties with defendants' position. The first is that it is an incontrovertible fact that any claim Christiansen had against Earl for backcharges necessarily would have "arisen out of the transaction," i. e., the building of the hospital. It therefore should be regarded as a compulsory counterclaim in that action; [1] and it is natural to suppose that it would be included in the settlement. To be considered in that connection is the fact that it seems to us that openhanded and fair dealing would have required the defendant to state any claims it intended to assert. Contrariwise, it should not be permitted to remain silent and induce the other party into a settlement, and thereafter come forward with such a claim. To permit it to do so would run afoul of the well-established rule: that where parties

engage in negotiations concerning a transaction, pursuant to which they enter into a written contract, it is presumed that all matters relating to the subject are merged in and constitute a complete integration of their agreement.[2] The application here is that if Christiansen had any claim which it thought it was entitled to reserve against Earl, it should have so stated, otherwise it is presumed that all prior existing claims were included in the settlement as agreed upon.

■■■ Related to what has been said above, and further supportive of the trial court's ruling, it is pertinent to observe that the defendant Christiansen received the $160,000 pursuant to the settlement agreement. It therefore should be deemed to be acting as a trustee to disburse that fund in accordance with its terms. Consequently, it could not properly act in violation of its fiduciary responsibility as trustee by acting as judge and jury to determine that Earl owed it $11,456.98 and withhold that amount from the $30,000 which had been paid to it as his share of the fund.

On the basis of the discussion herein it is our opinion that the trial court was jus-

---

1. See Rule 13(a), U.R.C.P.; and see Knight v. Flat Top Mining Co., 6 Utah 2d 51, 305 P.2d 503.

2. See Mawhinney et al. v. Jensen et al., 120 Utah 142, 232 P.2d 769; J. Henry Jones Co. v. Smith, 27 Utah 2d 225, 494 P.2d 526; 17A C.J.S. Contracts Sec. 381.

tified in rendering judgment in favor of the plaintiff. Affirmed. Costs to plaintiff (respondent).

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.