BONNEVILLE ON THE HILL COMPANY, Plaintiff and Appellant,

v.

Howard N. SLOANE, Jr., as executor of the Estate of Lucille Sloane, Deceased, Defendant and Respondent.

No. 15078.

Supreme Court of Utah.

Dec. 6, 1977.

---

J. Anthony Eyre of Kipp & Christian, Salt Lake City, for plaintiff and appellant.

Philip R. Fishler, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff landlord sues defendant, executor of a tenant who allegedly was negligent in causing a fire in her apartment, which resulted in her own death and damages to plaintiff's apartment complex. The district court granted defendant's motion for summary judgment on the ground that a covenant of their lease absolved the tenant from liability for any damages to the leased premises caused by fire.

Plaintiff appeals contending that the covenant only protected the tenant from liability for fire negligently caused by others to her own apartment and did not cover damages caused to adjoining apartments.

The terms of the lease pertinent to the issue here involved are:

*Lessee agrees to keep said premises in* a clean and satisfactory condition, and, upon termination of this tenancy, will leave said premises, equipment and furnishings in as *good condition* as when entered upon, *except for* reasonable wear and tear or *damage by the elements or by fire;* and in the event of damage or injury to said premises, except as otherwise provided herein, said Lessee shall pay for all such damages.

In view of the fact that the trial court's decision, which we affirm, exculpates the tenant from liability under the terms of the lease, we can assume for the purpose of our analysis that she was negligent in causing the fire. The critical question in this case is whether the language of the lease just quoted excepted her from liability for damages caused by fire only for her own apartment, or for any such damages caused to the "premises" including an adjoining apartment.

In view of the dispute which has arisen, the meaning of that covenant quoted above should be determined from the language of the lease, and the circumstances in which it was used, as manifesting the intent of the parties.[1] In that connection, a foundational rule is that if there is any doubt or uncertainty in the language, it should be strictly construed against the plaintiff landlord, who furnished the lease and required the tenant to sign.[2]

Fundamental to an analysis of the covenant requiring the tenant to be liable

1. *Cont. Bank & Trust Co. v. Stewart*, 4 Utah 2d 228, 291 P.2d 890 (1955).

2. *Cont. Bank & Trust Co. v. Bybee*, 6 Utah 2d 98, 306 P.2d 773 (1957); Restatement of Contracts, Vol. 1, Sec. 236.

for all damages except those caused by fire is the assumption based on common experience, that the landlord itself keeps the premises insured against that type of loss. Corroborative of this is the fact that the lease also contains the covenant that:

> Lessee shall *not permit* . . . the premises . . . to be used . . . for any *purpose which will increase the insurance rate*; nor shall he permit to be kept or used on the premises *inflammable fluids or explosives* without the consent of Lessor; . . . [All emphasis herein added.]

This plainly indicates that the parties understood that the landlord (plaintiff) was paying the fire insurance premiums on the entire premises. It certainly would be discordant to common sense to suppose that the landlord insured only the deceased's apartment against loss by fire. The only logical view is that such insurance coverage would indemnify the landlord for damages to any part of its building or premises caused by fire and that this is the reason for so exempting the tenants.

Further supporting the conclusion of the trial court, is the proposition that if there had been no exception from damage by fire, and the tenant (deceased) had damaged the adjoining apartment, or a hallway, or a stairway or any other part of the premises, we can be sure that the plaintiff would have claimed that the covenant of the tenant not to damage "said premises" would have been invoked to protect the landlord's entire premises. ·

On the basis of what has been said above it is our opinion that the trial court was correct in his view that under the circumstances shown the more reasonable and practical interpretation and application of the language of the lease was to exempt the tenant (deceased) from liability for damage caused "by fire" to the plaintiff's entire premises.

Affirmed. Costs to defendant (respondent).

MAUGHAN, WILKINS and HALL, JJ., concur.

ELLETT, Chief Justice (concurring and dissenting).

I concur in the holding that the tenant would not be liable for damages caused by fire to the leased property. It was her apartment only that she was obligated to return in the same condition it was in when she took possession (wear and tear from ordinary use and damage by fire excepted).

It is clear that the landlord was to keep the apartment insured and that the cost of the premium for that insurance was included in the rent charged. It is unreasonable to assume that the premium for insurance on the entire complex was included in the rent for the 'one apartment; or that by indirectly paying a premium for fire insurance on her apartment she would be excused from her negligence in causing a fire in another apartment of which she never had possession at any time.

It seems to me that the instant case is the same as that where an owner of a horse lets it to a deer hunter with a provision that the horse be returned in the same condition it was in when possession was taken except for harm caused by gunshot wounds. Suppose the owner also went deer hunting and his horse was negligently shot by the lessee of the other horse. Could anybody say that no liability exists because of the fact that the agreement provided for the return of the leased horse in good condition except for harm done to it by gunshot wounds?

I can see no reason to excuse a tortfeasor who may negligently set a fire in an apartment five stories below his own simply because he is not to be held liable for damage caused by fire to his own apartment. Liability for a fire that is permitted to escape from the leased apartment where it was negligently begun should be governed by the same rule of law as would be applicable to a fire which was negligently set in some other apartment.

I would permit recovery for damages occasioned to apartments other than the one which was required to be returned in good condition.