360 P.2d 176

George E. CHARLTON, Plaintiff and
Respondent,

v.

George L. HACKETT, Defendant and
Appellant.

No. 9243.

Supreme Court of Utah.

March 8, 1961.

Edward M. Garrett, Salt Lake City, for appellant.

Richard C. Dibblee, of Rawlings, Wallace, Roberts & Black, Salt Lake City, for respondent.

CROCKETT, Justice.

Defendant George L. Hackett appeals from a judgment for $2,049.99 for breach of an agreement to deliver to Plaintiff George E. Charlton 68,333 shares of J-A Uranium Corporation stock.

Defendant admits that the agreement was entered into; that the plaintiff performed; and that the stock was never delivered. But he claims that the judgment against him was improper because: (a) the evi-

dence shows that he was not acting for himself but as an agent for a disclosed principal, Ackerson-Hackett Investment Co., and (b) that the evidence does not support the amount of damages awarded.

■ In considering the attack on the findings and judgment of the trial court it is our duty to follow these cardinal rules of review: to indulge them a presumption of validity and correctness; to require the appellant to sustain the burden of showing error; to review the record in the light most favorable to them; and not to disturb them if they find substantial support in the evidence.

■ On 15 February, 1956, plaintiff, upon suggestion of a third party, went to the office of the defendant in the Continental Bank Building, Salt Lake City, where the latter operates an insurance and stock brokerage business. Plaintiff's purpose was to sell defendant a jeep and a house trailer. Mr. Hackett confirmed the fact that he was interested in acquiring such vehicles. The price the parties discussed was $550 for the jeep and $1,500 for the trailer. Hackett told the plaintiff about the J–A Uranium Company and its potential; and proposed that plaintiff accept 68,333 shares, at 3¢ per share, aggregating $2,049.99, to which the plaintiff agreed. A memorandum was written up reciting that Charlton agreed to sell and convey his jeep and house trailer for the stock referred to, the latter to be delivered after the public offering of the stock had been completed, in about 90 days. But it did not say who was to deliver the stock. It being left uncertain in that regard, it was necessary and proper for the court to consider extraneous evidence as to how the parties intended this to be done.[1]

■ The facts which defendant points to as proving that he was acting as agent for a disclosed principal and consequently not personally liable on the contract, are these: that the name Ackerson-Hackett Investment Co. was on the office door; that the agreement was written on its letterhead; and that a requisition for the issuance of the uranium stock bore similar indicia. It is true that these are facts which the court could consider as bearing on the issue, but they are by no means conclusive. This is particularly so when it is remembered that one making an agreement who seeks to protect himself from personal liability on the ground that he is acting as the agent of another has the burden of showing that he brought such fact to the attention of the other contracting party in such a way that the latter knew, or reasonably should have known that fact, and agreed to it.[2]

1. See Continental Bank & Trust Company v. Stewart, 4 Utah 2d 228, 291 P.2d 890; and also Continental Bank & Trust Company v. Bybee, 6 Utah 2d 98, 306 P. 2d 773.

2. See Banjo v. Wacker, Mo.App., 251 S.W. 456; see also 2 Am.Jur. 316.

Mr. Hackett did not do. In that regard it is significant to note that he drew the memorandum, but failed to so indicate therein.

The testimony of Mr. Charlton, which it is evident that the trial court believed, was that his conversation with Mr. Hackett was on a personal basis; that the latter said that *he* was interested in purchasing such a jeep and trailer and that *he* could use them; that he did not advise plaintiff that the deal was with anyone other than the defendant personally; and in fact, the name Ackerson-Hackett Investment Company was never mentioned in their conversation. There is thus ample basis in the evidence to justify the trial court's rejection of the defendant's contention that he was acting for a disclosed principal; and to support its holding that he was personally bound on the agreement.

The challenge to the finding of the amount of damages is refuted by application of the same general rule: that upon disputed evidence the court found in accordance with that offered by the plaintiff: That defendant Hackett told him both that it was worth 3¢ a share, and that it had been sold for that price on the market. The amount awarded is further supported by the fact that the court found the value of the jeep and trailer to be as plaintiff testified, $2,050, which approximates the amount of the judgment $2,049.99 arrived at by multiplying 3¢, the amount Hackett said the stock was worth, by 68,333, the number of shares to be delivered to the plaintiff.

Affirmed. Costs to plaintiff (respondent).

WADE, C. J., and McDONOUGH, J., concur.

CALLISTER, Justice (concurring).

I concur. However, it should be noted that the plaintiff brought this suit to recover the value of the jeep and trailer and not for the stock or its value. Plaintiff's evidence was to the effect that the reasonable value of the jeep and trailer was $2,050 and the trial court made a finding to this effect. By coincidence, the value of the 68,333 shares of stock, calculated at 3¢ per share, amounted to $2,049.99. It was upon the latter that the court awarded judgment. In my opinion this was error and judgment should have been awarded for the reasonable value of the jeep and trailer. Inasmuch as the disparity between the two values amounts to only one cent, the judgment should be affirmed.

HENRIOD, J., did not participate.