484 P.2d 173

**UNIVERSAL INVESTMENT CORPORA-
TION, Plaintiff and Appellant,**

v.

**Ronald L. KINGSBURY and Ilene Kings-
bury, his wife, for herself and as Trus-
tee, Defendants and Respondents.**

No. 12293.

Supreme Court of Utah.

April 19, 1971.

Joseph J. Palmer of Worsley, Snow &
Christensen, Salt Lake City, for plaintiff
and appellant.

E. L. Schoenhals, Salt Lake City, for de-
fendants and respondents.

TUCKETT, Justice:

This appeal deals with a boundary line
dispute between the parties who claim the
ownership of contiguous parcels of land in

Salt Lake City. After a trial in the district court, the judgment was entered dismissing the plaintiff's complaint and quieting title in the defendants to the disputed property. From that judgment the plaintiff is here seeking a reversal.

The parcels of property we are here concerned with each front upon Sixth East Street between Second and Third South Streets in Salt Lake City. The plaintiff is record title owner of realty fronting 27½ feet along said street and the defendants are record title owners of a parcel of land immediately south of the plaintiff's fronting 53½ feet along the street. The land in dispute in these proceedings is approximately four feet wide and 120.62 feet long, which comprises approximately the north four feet of the land embraced within the defendants' record title.

One Richard Barrett, the plaintiff's predecessor in interest, purchased the property in 1937 and lived in the home upon the property for about 31 years. In November 1968 Barrett conveyed the land to the plaintiff. In 1937 a Mr. Van Horbeck owned the property immediately south of the Barrett property and lived in the home which was then upon the property. At that time there was an old fence which was estimated to be 50 years old, which ran east and west between the two homes. The fence was located approximately four feet south of the line described in Barrett's deed. In the sidewalk east of the Barrett property were two rivets one of which was on the line called for by Barrett's deed and the other one was on the fence line. A survey disclosed that the south boundary line of the Barrett property according to the call in the deed ran through a portion of the Barrett home.

In the year 1940, the old fence between the two properties was replaced by a new one. The new fence was built upon the same line as the old one, and Barrett and Van Horbeck cooperated in its replacement. The record indicates that Barrett continuously occupied and used the property north of the fence, and that Van Horbeck and his successors in occupancy occupied and used the property immediately south of the fence. The home south of the fence was continuously occupied until 1959 when it was razed and an office building with a parking lot was established thereon. It would appear that from 1937 until the dispute we are here concerned with arose neither the defendants nor their predecessors in interest made any claim to ownership of the land north of the fence. While Barrett testified that he knew that his deed called for 27½ feet fronting upon Sixth East Street, he also testified that he assumed he owned the property north of the fence line.

After a careful appraisal of the evidence we are of the opinion that a boundary line by acquiescence is clearly shown in the old fence line and the trial

court should have so found.[1] The facts in this case bring it within the requirements necessary to establish a boundary by acquiescence: the line must be open, visible, marked by monuments, fences or buildings, and recognized as a boundary for a long term of years.[2] It is the defendants' contention that the location of the true boundary was not unknown, uncertain or in dispute, and that the facts do not support a conclusion that a boundary by acquiescence had been established. The only fact which would seem to support that conclusion is the testimony of Barrett that he was aware that the call in the deed to him specified the frontage of 27½ feet. Barrett did testify, however, that he always considered the fence to be his south boundary. The defendant had the burden of supporting its contention that there was no dispute or uncertainty and that the true boundary line was known to the owners of the two parcels of property.[3]

The decision of the court below is reversed and the case is remanded with directions to enter a decree quieting title to the plaintiff in the disputed parcel of land. Appellant is entitled to costs.

CALLISTER, C. J., and HENRIOD and CROCKETT, JJ., concur.

ELLETT, Justice (dissenting).

I do not contend that at some time in the distant past there may not have been an acquiescence between owners to the effect that the boundary line was as now claimed by the plaintiff. However that may be, this plaintiff has never had any right to the disputed strip of land. His predecessor Barrett bought 27½ feet of the land, which was the width of all lots in the area, and knew at the time that his land went only to the surveyor's button in the sidewalk which marked the true boundary line of his property.

When he sold to this plaintiff he sold the 27½ feet and no more. Barrett testified in this case and stated positively that he had never claimed any part of the disputed strip of land.

If there was any acquiescence in the old fence line as the true boundary between the properties, the title to the disputed strip is in someone who owned plaintiff's land prior to 1937, since it was not conveyed to Barrett nor to this plaintiff.

The trial court heard the evidence in this case and found as a fact the following:

There was never any dispute between predecessors in interest of defendants or

1. Provonsha v. Pitman, 6 Utah 2d 26, 305 P.2d 486; Motzkus v. Carroll, 7 Utah 2d 237, 322 P.2d 391; Brown v. Milliner, 120 Utah 16, 232 P.2d 202.

2. Holmes v. Judge, 31 Utah 269, 87 P. 1009.

3. Motzkus v. Carroll, supra, note 1.

predecessors in interest of plaintiff. There was no uncertainty as to the true location of the boundary line, and Mr. Barrett well knew that said fence was between 4.1 and 5 feet South of his property line or the boundary line as defined by a rivet in the sidewalk.

Under established principles of law the findings and judgment of the trial court should be affirmed unless there is no evidence to sustain them.[1] In this case, I think the findings are sustained and so I would affirm the judgment as made.

1. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176; De Vas v. Noble, 13 Utah 2d 133, 369 P.2d 290.