496 P.2d 711

Roy Pearce **WILSON, Plaintiff
and Appellant,**

v.

**John W. TURNER, Warden, Utah State
Prison, Defendant and Respondent.**

**No. 12526.**

Supreme Court of Utah.

April 27, 1972.

David P. Rhode, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Larry V. Lunt, Asst. Attys. Gen., Salt Lake City, for defendant and respondent.

ELLETT, Justice:

This is an appeal from a denial of release on a writ of habeas corpus. Only one assignment of error is made, to wit: That at his criminal trial the appellant was denied due process of law in that he was denied the assistance of competent counsel on the habitual criminal count.

Our statute [1] provides for increased punishment upon conviction of crime by defendants who have been convicted of two prior felonies. Wilson was convicted by a jury of the crime of rape, and he makes no claim of innocence or unfairness in that matter. However, after the verdict of guilty was returned, the court began the proceedings to have the defendant's status as an habitual criminal determined by the jury. At that time the following proceedings took place:

MR. BROWNING [defendant's counsel]: I have talked with the defend-

1. Sec. 76-1-18, U.C.A.1953.

ant in regard to this and he is willing to stipulate that, and let me ask if this is correct, that you have served two previous sentences down at the State Penitentiary, one for rape and one for assault with a deadly weapon, one in 1966.

MR. STRATFORD: Fifty-three.

MR. BROWNING: 1953, and the other in 1960, is that correct?

MR. WILSON: 1960.

MR. BROWNING: He did serve time and he is willing to stipulate to that.

THE COURT: Before I determine whether I accept his stipulation or not, I require that you produce one witness that may identify him from the prison. Do you have such a witness?

MR. STRATFORD: Yes, such a witness is here.

THE COURT: All right. Call your witness.

The officer who was in charge of the records and identification at the Utah State Prison was then called and sworn and testified fully about the prior records and service by the defendant of terms in the Utah State Prison.

After the officer had testified the following conversation took place:

MR. BROWNING: Just one moment. I have talked with the defendant, Your Honor, and he is willing to plead guilty to it rather than send it with the Jury. He does not contest the fact that he has been in twice before and with this conviction he says he does not see the necessity for sending the jury out on it.

THE COURT: He realizes if he pleads guilty to this charge that I will sentence him under the habitual criminal statute?

MR. BROWNING: You have heard the Judge on this.

MR. WILSON: Yes, I heard him. I understand what he is saying.

THE COURT: You must understand that he will be confined for a minimum of fifteen years and it may be for life. Does he understand this?

MR. WILSON: Yes, Your Honor. I understand it.

THE COURT: And, that he, if he wants to he can have a full trial on this issue before this jury in all respects. Does he understand that? Do you understand you can have a trial if you want it?

MR. WILSON: Yes, I understand it.

Both the defendant (appellant herein) and his counsel knew that there was no de-

fense to the habitual criminal status. The lawyer was and is of that old-fashioned, high-class type of attorney that is smart enough to know when all legitimate avenues of escape are closed to his client and that there are tactical advantages in recognizing the inevitable.

It mattered not whether the prisoner (appellant herein) and his counsel thought to gain favor by admitting the inevitable because the judge required testimony anyway.

It is always easy for younger and less experienced lawyers on appeal to fall into the jailhouse lawyer habit of accusing competent lawyers of being incompetent.

Habeas corpus is a civil matter, and the petitioner has the burden of convincing the court at hearing that he is unlawfully restrained. The appellant failed to so convince the trial judge, and we should affirm if there is competent evidence to sustain his ruling.[2]

The evidence amply supports the trial court in his finding that the appellant was represented at his criminal hearing by competent counsel. The judgment is affirmed.

CALLISTER, C. J., and HENRIOD, TUCKETT and CROCKETT, JJ., concur.

2. De Vas v. Noble, 13 Utah 2d 138, 369 P.2d 290 (1962); Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961).