497 P.2d 630

Carolyn HOLLEY, Plaintiff and Respondent,

v.

Samuel H. SULLIVAN, Defendant and Appellant.

No. 12690.

Supreme Court of Utah.

May 22, 1972.

**4**

Heber Grant Ivins, American Fork, for defendant-appellant.

S. Rex Lewis, of Howard & Lewis, Provo, for plaintiff-respondent.

ELLETT, Justice:

Plaintiff sued defendant for an alleged breach of employment agreement; for damages as a result of conversion by defendant of a television set; for return of silver service and other silver items or, in the alternative, for $700; and for expenses in moving back to San Antonio, Texas, including shipping and storing of her household goods.

Defendant appeals only from that part of the judgment which awarded plaintiff unpaid wages, together with a penalty for 60 days' wages, and expenses for moving from the state of Utah to Los Angeles, California, after her employment was terminated.

Plaintiff and defendant married each other in February, 1967, and were divorced one year later. Prior to the divorce, plaintiff had worked for defendant in his cafe in California for approximately eight years. After the divorce she moved to Texas, and he came to Utah, where he intended to open a cafe. The plaintiff was experienced as a waitress and hostess in the cafe business, and the defendant induced her to come to Utah and help in the new business. She lived in his home and assisted in getting the business started. After a couple of months of seemingly harmonious relations, there was a falling out over the work of another employee, and the plaintiff called the defendant a

"dirty double-crossing liar," whereupon the defendant said, "Young lady, you can go home right now." In the next breath he told her not to leave. However, she did leave, saying, "You fired me, and now you rehire me in less than two seconds, and you're not playing cat and mouse with me."

Under this evidence the trial judge found that the plaintiff was *fired*; and while we may not have ruled as he did, yet we do not say that he could not so find.

The plaintiff filed this action to recover unpaid wages and a statutory penalty for not paying the same within 24 hours after she was fired. The trial court allowed her the penalty in the amount of $1200, being 60 days at $20 a day.

The provisions of law relating to paying a person whose services have been terminated by the employer are found in Section 34–28–5, U.C.A.1953 (1971 Pocket Supplement), which reads:

*   *   *   *   *   *

In case of failure to pay wages due an employee within 24 hours of a demand therefor, the wages of such employee shall continue from the date of separation until paid, but in no event to exceed sixty days, at the same rate which the employee received at the time of separation. The employee may recover the penalty thus accruing to him in a civil action. This action must be commenced within sixty days from the date of separation. Any employee who has not made a demand for payment shall not be entitled to any such penalty under this subsection.

*   *   *   *   *   *

The plaintiff testified that she only worked six days per week, so she could not receive pay for the 60 days. She had to file her action within 60 days from separation and could only recover the penalty at the same rate as her wages. Therefore, the amount awarded by the court as a penalty cannot be sustained. She testified that she only lost 48 days of work and only claimed $960 by way of the penalty.

The defendant claims that he paid all wages due plaintiff in full within the 24-hour period following the time when the plaintiff left his employment. The records kept by the plaintiff herself bear him out. They show that plaintiff was receiving $1.15 per hour until the last 18 hours, when she was credited with $2 per hour. Her own records show that on December 8, 1969, the date her employment was terminated, she had wages due her in the amount of $107.06. She acknowledged in writing the correctness of this amount and cashed the check which defendant gave her in exactly that amount.

There was a dispute in what the parties claimed the terms of the agreement were relative to plaintiff's coming to Utah. The plaintiff claimed that defendant said he

would pay her $20 per day if she would come to Utah; that he would hold part of it for her and at the end of six months turn the business over to her if her health permitted her to remain in Utah.

Whatever might have been the agreement as to the ultimate result of the contract as made to get plaintiff to come and live with and work for the defendant, the wages due for work in the cafe were paid in full, and the evidence does not justify a contrary holding. All that the statute requires is that *wages* be paid. It does not relate to breaches of contracts other than as they may have reference to wages for work.

From the testimony given and letters admitted into evidence, it is rather obvious that the defendant was still enamored of the plaintiff. He was 68 years old and she 41 at the time of trial, and it is not to be wondered at that the warmth of June and the chill of November could hardly make for an enduring and congenial atmosphere.

For reasons best known to the plaintiff, she did not return to San Antonio, Texas, but stored her goods in Provo for a time and ultimately went to California, all at an expense to her in a sum in excess of the cost of returning to San Antonio, Texas. Since the plaintiff testified that she was forced to remove her furniture and belongings from the defendant's home forthwith, the court would be justified in finding that she could go to California if that is where she could get a job. He could believe that the defendant promised to take care of her moving expenses to and from Utah, and we see no reason to reverse the trial court in limiting her moving expenses to the amount which would be required to move her and her belongings to San Antonio, Texas.

Since we affirm the trial court when there is competent evidence to sustain it,[1] we are not disposed to reverse the trial court in this case on matters other than as to the award of the penalty. This case is remanded to the district court with directions to delete from the judgment the entire amount awarded as a penalty. Otherwise the judgment is affirmed. Each party will bear his own costs.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.

1. DeVas v. Noble, 13 Utah 2d 133, 363 P.2d 290 (1962); Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961).