504 P.2d 1017

Clarence M. MAURER, Plaintiff and Respondent,

v.

Alma J. JANKE and Hazel M. Janke, Defendants and Appellants.

No. 12895.

Supreme Court of Utah.

Dec. 19, 1972.

LaMar Duncan, Salt Lake City, for defendants-appellants.

Ralph R. Tate, Jr., Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

The appellants, hereinafter called Janke, appeal from an adverse judgment rendered by the court sitting without a jury. The only dispute involves the time when a fence was erected and whether it established a boundary by acquiescence.

The undisputed testimony shows that Janke bought a tract of land 200 feet east

and west by 140 feet north and south from one Beckstead in 1951. This parcel was bordered by Searle Avenue on the north and Ninth East Street on the west. The first call in the deed to Janke commenced in the center of Ninth East Street, and in 1958 Janke obtained a judgment of reformation whereby the description of the property was caused to commence at the east edge of Ninth East Street instead of in the center of it.

Apparently neither party was aware of the fact that Searle Avenue as it extended easterly veered slightly to the south, so that the call in Janke's original deed "thence east 200 feet" placed his northeast corner north of the south curb of Searle Avenue. No reformation was asked for in regard to this line. However, Janke erected a fence along what he considered to be the south boundary of his land, to wit, 200 feet south of and parallel to the south edge of Searle Avenue.

The respondent, hereinafter called Maurer, in 1965 also bought from Beckstead land on the south side of Janke's land and contiguous thereto. His deed called for east-west descriptions, and upon having a survey made he discovered that Janke's fence encroached on his land some 7.8 feet at the eastern end thereof.

This action was prosecuted to quiet title to the wedge-shaped piece of land which lay within the Maurer deed but north of the Janke fence.

Mr. Janke testified that he built the fence in 1952 on a line agreed to by him and Beckstead. His wife testified, but she did not know when the fence was erected. A neighbor likewise was unable to say when the fence was constructed. At the time of trial, Beckstead was dead.

Maurer and his son testified that when the father bought the land (1965), there was no fence at all upon the ground but that Janke built one shortly afterwards.

The trial court on disputed evidence found that the fence in question was constructed in 1965 and that Maurer was an innocent purchaser for value and was entitled to rely on the calls in his deed to ascertain the location of his property. Title to the disputed piece of land was quieted in Maurer, and Janke was ordered to remove the fence.

Where there is competent, believable evidence to support findings of a trial court, a judgment properly based on those findings should not be disturbed on appeal.[1]

We find no error in the proceedings below and, therefore, affirm the judgment as rendered. The respondent is entitled to his costs.

CALLISTER, C. J., and TUCKETT, HENRIOD, and CROCKETT, JJ., concur.

1. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961).