505 P.2d 301

Wayne M. PARKER and David A. Johns,
Plaintiffs and Appellants,

v.

TELEGIFT INTERNATIONAL, INC.,
Defendant and Respondent.

No. 12941.

Supreme Court of Utah.

Jan. 4, 1973.

Joel M. Allred, Salt Lake City, for plaintiffs and appellants.

Thomas R. Blonquist, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

The facts of this case can be stated in substance as follows:

The plaintiffs were hired by Corporation "C." Corporation "B" bought all of the outstanding stock of Corporation "C." Corporation "A" (the defendant herein) then bought all of the outstanding stock of Corporation "B." None of the assets of either Corporation "B" or Corporation "C" was transferred out of the owning corporation. The plaintiffs now are suing Corporation "A," which owns the stock of a corporation

which owns the stock of a corporation which is indebted to the plaintiffs for services rendered prior to the acquisition of stock by Corporation "B."

 As a general rule, stockholders of a corporation are not liable, as such, for any obligations of the corporation regardless of how they were incurred;[1] and since Corporations "A" and "B" are each authorized by their charters to purchase and hold the stock of other corporations, they as stockholders should be no more liable for debts of the corporation the stock of which they own than an individual stockholder in the same corporation. As a matter of fact, the defendant in this matter is not even the stockholder of the corporation which is indebted to the plaintiffs.

Corporation "C" continued to do business all during the calendar year 1971.

The plaintiffs contend that the securing of stock by Corporations "B" and "A" was illusory and not bona fide stock deals.

The trial court sitting without a jury ruled against the plaintiffs and granted a judgment of no cause of action to the defendant. This appeal by the plaintiffs is from that ruling.

 The burden was upon the appellants as plaintiffs to convince the trial court that the stock purchases were not bona fide stock deals or that by such dealings there were mergers of Corporations "A" and "C." This they failed to do.

 There was competent evidence to justify the ruling of the trial court; and where such is the case, we do not reverse the judgment unless there are errors involved in the matter which require reversal as a matter of law.[2] We find no such error and, therefore, affirm the judgment. No costs are awarded on this appeal.

CALLISTER, C. J., and CROCKETT, HENRIOD and TUCKETT, JJ., concur.

---

1. 19 Am.Jur.2d, Corporations § 713.

2. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961); De Vas v. Noble, 13 Utah 2d 133, 369 P.2d 290 (1962).