507 P.2d 708

**PRINCE–COVEY & COMPANY, INC., a Utah corporation, Plaintiff and Respondent,**

v.

**Jerry V. STRAND, Defendant and Appellant.**

No. 12964.

Supreme Court of Utah.

March 8, 1973.

Kenneth Rigtrup, Salt Lake City, for defendant-appellant.

Frederick S. Prince, Jr., D. Jay Gamble, Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

This is an appeal from a judgment rendered in the district court for damages sustained by plaintiff, a broker-dealer, when defendant failed to pay for stock which he

ordered and caused the plaintiff to purchase for him.

Defendant claims (a) the plaintiff did not sustain its burden of proof; (b) the court applied an incorrect measure of damages; (c) the contract between the parties was unenforceable because of the statute of frauds; and (d) the court failed to find enough damages on the counterclaim.

The respondent claims in its brief that the trial court allowed too much to the appellant on his counterclaim.

The evidence justified a finding of the trial court that prior to April 10, 1970, Mr. Strand bought stock and paid therefor within seven days after the purchase was confirmed by the plaintiff regardless of when the stock was delivered. On or about April 10, 1970, Mr. Strand requested to have his account changed to a C.O.D. account, whereby he would pay for stock only when it was delivered to him. Mr. Strand was one of the largest customers of the plaintiff and had various accounts with other brokers both in Utah and elsewhere.

When a customer operates on a C.O.D. basis, he is in a favorable financial position because the broker has to settle promptly with a corresponding selling broker while the customer does not need to pay until the stock is actually received. Sometimes this delay is of considerable duration. For instance, the seller may have one certificate for 10,000 shares, and the customer may want to buy only 2,000 shares. The certificate must be sent to the corporation for the issuance of new certificates.

Mr. Strand gave plaintiff a check for $16,095 in payment of shares of stock delivered to and placed in his portfolio. The check bounced, and Mr. Strand was unable to make it good. At that time he owed for stocks ordered the sum of $100,702.84. The plaintiff began liquidating the stock which had been ordered by selling it over the counter.

Because Mr. Strand had bought such a large amount of stock, he had caused the market price to be high, but when no more purchases were being made by him and the stock began to be sold, the price fell so that the plaintiff only realized the sum of $63,267, leaving a balance due from Mr. Strand of $37,435.84.

The court found that this was the amount due plaintiff. However, the court also found that the plaintiff sold some stock belonging to the defendant which was fully paid for, and by this conversion caused the defendant to sustain damages in the amount of $6,430, which was deducted from the amount due as above set out, leaving a net judgment of $31,005.84 together with interest and costs.

The defendant claims that the C.O.D. arrangement is void because of Section 70A–

8–319, U.C.A.1953 (Replacement Vol. 7B), which reads:

A contract for the sale of securities is not enforceable by way of action or defense unless

(a) there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price; or

(b) delivery of the security has been accepted or payment has been made but the contract is enforceable under this provision only to the extent of such delivery or payment; or

(c) within a reasonable time a writing in confirmation of the sale or purchase and sufficient against the sender under paragraph (a) has been received by the party against whom enforcement is sought and he has failed to send written objection to its contents within ten days after its receipt; or

\*   \*   \*   \*   \*   \*

The court found that within 24 hours after each transaction the plaintiff sent to Mr. Strand a written confirmation thereof and that he never at any time sent any written objection thereto.

The evidence justified the findings and judgment of the trial court, and in such cases we do not reverse.[1] The judgment is affirmed. Costs are awarded to the respondent.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.

1. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961); DeVas v. Noble, 13 Utah 2d 1332, 369 P.2d 290 (1962).