509 P.2d 365

**Ralph D. NANCE, Plaintiff and Appellant,**

v.

**CITY OF PROVO, Utah, Defendant and Respondent.**

No. 13061.

Supreme Court of Utah.

April 25, 1973.

. Ralph D. Nance, pro se.

Glen J. Ellis, Provo, for defendant-respondent.

ELLETT, Justice:

In connection with its proprietary functions, Provo City owns and occupies a utility building the entrance of which consists of two sets of double doors. The outer doors open outwardly only, while the inside set swings both in and out. There is a sign on the right-hand inner door as one enters which says "Push," and the same sign is on the other door visible to those who are leaving the building.

The appellant, plaintiff below, claims that he was severely injured while going into this building to have the utilities for his newly rented house turned on. He testified that a lady ahead of him opened the inner door by pulling instead of pushing it; that he held it while she entered; and that when he released it and walked through the doorway the door swung violently behind him, causing great injury to his person.

At trial a female employee of the City testified that she was seated inside the vestibule nearby and was an eye witness to the incident. She denied any unusual manner in the closing of the door or any manifestation of injury on the part of the appellant. The City also called the man who serviced the spring and hydraulic door closing mechanism, and he testified that the door was operating within the normal range of tolerance of that type of door. Other employees of the City testified that there was no malfunction of the door im-

**342**

mediately after the claimed injury or at all.

The case was tried to the court, sitting without a jury, and upon completion of the evidence in the case the court ruled for the defendant, finding, inter alia:

2. That the facts as adduced in the trial disclosed that there was no malfunction of the door, that the door was maintained on a regularly routine basis and was in good repair at the time of the alleged incident and thereafter.

█ The appellant was represented by counsel at trial, but he alone has perfected his appeal. The gist of his contentions on appeal is set forth under Argument II of his brief as follows:

The City of Provo employees, because of jeopardy of a verdict of "negligence" fabricated and corroborated testimony erroneous and without foundation to present to the Court a 'cover-up' of their personal negligence.

There is no doubt that one who brings an action would like to have the court believe his testimony and disbelieve all evidence to the contrary, but such is not required of the trier of the facts.

The duty of the court in this case was the same as in all other cases, to wit: To listen to and consider the evidence and to give such weight and effect to the testimony as he thought proper. He was permitted to consider the interest which any witness might have in the outcome of the trial and any motive or lack thereof which would prompt a witness to testify as he does. The judge was not obligated to believe the plaintiff any more than he was any other witness who testified. In weighing the testimony given, he well might have thought that the plaintiff had a greater motive to be biased in his testimony than other witnesses; and if he elected to believe the other witnesses and disbelieve the plaintiff, it was his prerogative so to do. It is apparent from the judgment rendered that he did just that.

█ Members of an appellate court do not have the opportunity to hear the witnesses and see their demeanor in court and on the witness stand and are not in as good a position to weigh the testimony as is the trial judge or jury. It is our duty on appeal to affirm the trial court in its findings of fact where there is competent evidence to support those findings.[1]

The judgment is affirmed. No costs are awarded.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.

1.  Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961); DeVas v. Noble, 13 Utah 2d 133, 369 P.2d 290 (1962).