510 P.2d 1102

Melissa Cain MARTIN, Plaintiff and Appellant,

v.

Luverta W. MARTIN, Defendant and Respondent.

No. 13147.

Supreme Court of Utah.

June 5, 1973.

---

7. 406 U.S. at p. 542, 92 S.Ct. at p. 1729, at pp. 293–294 of 32 L.Ed.2d.

LaMar Duncan, Salt Lake City, for plaintiff and appellant.

William H. Starkweather, Layton, for defendant and respondent.

TUCKETT, Justice:

The plaintiff filed these proceedings in the court below seeking to recover the proceeds of a life insurance policy. The court entered a judgment of no cause of action in favor of the defendant, and the plaintiff appealed.

The defendant, Luverta W. Martin, married one A. B. Martin in Preston, Idaho, in 1955, and they lived together until the death of A. B. Martin on March 31, 1971. At the time of the marriage and prior thereto A. B. Martin was a civilian employee at Hill Air Force Base, and while so employed he became insured under a group policy with the Federal Employees Insurance Company. The beneficiary of the policy was the surviving wife of A. B. Martin. During the marriage, the defendant A. B. Martin lived at Layton, Davis County, and Ogden, Utah.

After the death of A. B. Martin, the defendant made a claim for payment as the designated beneficiary under the terms of the insurance policy. The insurer paid over the proceeds of the policy to the defendant. The plaintiff filed her complaint claiming that she had married A. B. Martin in Smithdale, Mississippi, and was his lawful wife and entitled to the proceeds of the insurance on his life.

The plaintiff testified as to a marriage ceremony with A. B. Martin in the state of Mississippi, and she also presented to

the court a certificate of marriage which was received subject to the objection of the defendant. The court later concluded that the exhibit had not been properly authenticated or exemplified as provided for by Rule 41, and that it should be given no weight. The plaintiff testified that she lived with A. B. Martin as his wife in the state of Mississippi, and from time to time in the state of Utah. Her testimony was corroborated by the testimony of other witnesses.

There is a presumption in favor of the validity of the second marriage, and the burden was upon the plaintiff to establish the invalidity of the marriage between the defendant and A. B. Martin.[1]

The court below elected not to believe the testimony of the plaintiff or her witnesses except as it was corroborated by the testimony adduced on behalf of the defendant. The court concluded that the plaintiff had failed to establish the invalidity of the defendant's marriage, and that the defendant was entitled to a judgment of no cause of action. This being an action at law, we do not reverse the trial court on issues of fact where its findings are supported by the evidence or the lack thereof.[2]

The judgment of the court below is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and ELLETT, HENRIOD and CROCKETT, JJ., concur.

---

1. In re Pilcher's Estate, 114 Utah 72, 197 P.2d 143.

2. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176; De Vas v. Noble, 13 Utah 2d 133, 369 P.2d 290; Layton v. Union Pac. R. Co., 27 Utah 2d 199, 493 P.2d 1290.