518 P.2d 1391

**FIRST SECURITY BANK OF UTAH,
Plaintiff and Appellant,**

v.

**Frank SPRINGMAN, Defendant
and Respondent.**

**No. 13258.**

Supreme Court of Utah.

Feb. 19, 1974.

Robert B. Hansen, Salt Lake City, for plaintiff-appellant.

Jack L. Schoenhals, Salt Lake City, for defendant-respondent.

TUCKETT, Justice:

This action was commenced by Maggie Lindgren, and after her death the First Security Bank of Utah as administrator of her estate continued with these proceedings. In this matter the plaintiff seeks to recover a diamond ring of the value of $2,000 and other items of personal property. The plaintiff also claims that the defendant wrongfully and fraudulently obtained various sums of money from Maggie Lindgren which he has failed to account for or to return to the plaintiff.

Defendant was a friend of Adam Lindgren, who died on March 20, 1970. Maggie Lindgren was the wife of Adam, and at the time of his death she was an invalid being cared for in a nursing home. Maggie requested her brother-in-law and the defendant to make arrangements for the funeral and burial of Adam. Maggie also requested the defendant to move into the family home which became vacant upon the death of Adam and to take care of the home and her dog. Between April 7, 1970, and September 18, 1970, Maggie turned over to the defendant the sum of $5,000 for the purpose of paying Maggie's care at the nursing home, to pay the costs of Adam's funeral and burial and also to pay

the costs of medical care and hospitalization required by Maggie. In addition thereto the defendant paid miscellaneous bills incurred by Maggie and for the upkeep of the home. On April 1, 1970, Maggie executed a power of attorney in favor of the defendant to enable him to take care of business matters on behalf of Maggie.

The record indicates that shortly after the defendant undertook to assist Maggie, she gave him a diamond ring which he retained and was wearing at the time of trial. The evidence also shows that Maggie gave defendant the sum of $600 to assist him in paying delinquent taxes. On or about the first part of September 1970, the defendant, at Maggie's request, took her from the nursing home to her own home where he cared for her. The defendant did the shopping, took care of the home and yard, cooked the meals, and cared for the personal needs of Maggie including nursing care. A nurse was employed to take care of Mrs. Lindgren during the daytime and the defendant cared for her during the nighttime and on Saturdays, Sundays and holidays when he was not working. The defendant continued to care for Maggie for a period of approximately one year, after which he made arrangements for a woman to take over her care.

During the time the defendant was managing Maggie's affairs he deposited the money received from her in a separate bank account on which he drew checks to pay the bills.

At the trial of this case the defendant produced the returned checks drawn on the account mentioned and also produced a number of receipts for monies expended on Maggie's behalf. While the defendant was unable to furnish receipts or cancelled checks for all items, he nevertheless testified fully as to other payments made on Maggie's behalf. The record of the trial consists entirely of documentary evidence and the testimony of the defendant. At the conclusion of the trial the court found that the plaintiff was entitled to recover a bird cage and two razors which had been taken by the defendant. The court found that the diamond ring belonged to the defendant as a gift, and also found in favor of the defendant on the other issues raised by the pleadings.

On appeal the plaintiff contends that the findings of the court are not supported by the evidence, and that the defendant had failed to prove that he had spent the money entrusted to him by Maggie Lindgren for her benefit and for her purposes. This court has long followed the rule in reviewing these matters that we do not disturb the findings of the trial court if they find substantial support in the evidence.[1] The appellant here has failed

1. Fleming v. Fleming-Felt Co., 7 Utah 2d 293, 323 P.2d 712; Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176; DeVas v. Noble, 13 Utah 2d 133, 369 P.2d 290.

to direct our attention to any error which would require a reversal. The decision of the court below is affirmed. The respondent is entitled to costs.

CALLISTER, C. J., and ELLETT and CROCKETT, JJ., concur.

HENRIOD, J., having disqualified himself, does not participate herein.