**D. R. MILLER, Plaintiff and Appellant,**

v.

**Paul KAYE, dba Shrine Circus, Defendant and Respondent.**

**No. 13984.**

Supreme Court of Utah.

Dec. 29, 1975.

Michael R. Carlston & Craig S. Cook of Worsley, Snow & Christensen, Salt Lake City, for plaintiff and appellant.

F. Alan Fletcher of Parsons, Behle & Latimer, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

The court found, and it is not disputed, that the parties hereto are elephant merchants. Mr. Kaye obtained an elephant from Mr. Miller pursuant to what he claims was an oral lease with an option to purchase. Mr. Miller asserts that the oral agreement was merely for the lease of the animal and that the terms thereof were embodied in a telegram sent by Mr. Kaye and that there was no mention of any option to buy contained in it.

Mr. Kaye claims and offered testimony to prove that on or about July 8 or 9, 1973, he had a phone conversation with Mr. Miller wherein he exercised the option to buy the elephant for $5,000 with the lease money theretofore paid to apply on the purchase price.

There was no written agreement to purchase, and Mr. Miller relies on Section 70A-2-201(1), U.C.A.1953 (Replacement Vol. 7B)[1] as a basis for holding any so-called oral agreement invalid. Mr. Kaye relies on subsection (2) of the section as an exception to the rule.

The contents of an envelope mailed by Mr. Kaye to Mr. Miller July 11, 1973, are of paramount importance. It is admitted that a check in the amount of $600 was enclosed. Mr. Miller claims that it was en-

---

1. This section, insofar as applicable, reads as follows:

70A-2-201. Formal requirements—Statute of frauds.—(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. . . .

(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received.

closed in a folded blank sheet of paper. Mr. Kaye offered testimony to the effect that the check was enclosed with a letter in words and figures as follows:

.July 11, 1973

Mr. Dory R. Miller
Carson & Barnes Circus
Post Office Box J
Hugo, Oklahoma—74743

Dear Dory:

Thank you for your letter of July 3rd. Supplementing our last telephone conversation, this letter will serve as your confirmation that we agree to purchase the elephant "Peggy"—at a total cost of $5,000—in lieu of continuing our lease agreement.

Enclosed you will find a check in the amount of $600 which is to be applied to the purchase, as is our previous payment of $450, as agreed.

It is also agreed that the balance will be paid as soon as possible and that the entire balance will be paid within one year.

With warmest personal regards,

Sincerely,

PAUL V. KAYE

The trial court chose to believe that the original oral agreement was for a lease with an option to purchase; that on July 8 or 9, 1973, Mr. Kaye orally notified Mr. Miller in the phone call that he was exercising the option to purchase; and that on July 11, 1973, he enclosed the original of the letter above set out in the envelope with the $600 check.

■ The evidence sustains these findings, and we are obliged to honor the court's findings in such a case.[2]

■ The court held that by the letter of July 11, 1973, Mr. Kaye in writing confirmed the terms of the oral contract so as to bind himself, and since Mr. Miller never at any time made any written objection to the letter, subsection (2) of the statute set out in footnote 1 above was applicable, and as between these two merchants the oral contract was enforceable. The court, therefore, ruled in favor of Mr. Kaye. The ruling was proper, and we affirm it. Costs are awarded to the respondent.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

2. *Charlton v. Hackett*, 11 Utah 2d 389, 360 P.2d 176 (1961) ; *De Vas v. Noble*, 13 Utah 2d 133, 369 P.2d 290 (1962).