Roland L. SHARPE, Plaintiff and Appellant,

v.

AMERICAN MEDICAL SYSTEMS, INC., Defendant, Third-Party Plaintiff and Respondent,

v.

Hal H. BOURNE, Anthony W. Middleton, Jr., and Inter-Mountain Health Care, Inc., Third-Party Defendants and Respondents.

No. 18462.

Supreme Court of Utah.

Sept. 29, 1983.

Anthony M. Thurber, Salt Lake City, for plaintiff and appellant.

Elliott J. Williams, Stewart M. Hanson, Jr., Francis J. Carney, Allen M. Swan, Rolf H. Berger, A. Alma Nelson, Salt Lake City, for defendant, third-party plaintiff and respondent.

PER CURIAM:

Plaintiff brought action against the manufacturer of certain penile prostheses which had been surgically implanted in his body, alleging that said devices were defective in design, materials or manufacture, and did not function as represented by the manufacturer. At the time he filed the complaint, four of such devices had been implanted. Each of the first three devices had, in succession, failed to function, requiring further surgical implantation. While the fourth device was functioning properly at the time of filing the complaint, plaintiff had severe pain because of the four surgeries, so that the device could not be used.

In September, 1981, plaintiff and the manufacturer negotiated a settlement agreement whereby plaintiff agreed to accept payment of $10,000 in full settlement of all claims.

Counsel for defendant manufacturer thereafter sent to plaintiff's counsel, a stipulation for an order of dismissal, a release prepared for plaintiff's signature of all claims and rights "known or unknown, existing or arising in the future" and a draft for $10,000 payable jointly to plaintiff and his counsel. The release required the signature of plaintiff's wife, though she is not a party to the action, as a release of any claims she might have for loss of consortium.

Plaintiff does not dispute the fact that he signed the release and endorsed the draft, nor that he agreed to the settlement. The draft was also endorsed by plaintiff's counsel and deposited in the attorney's trust account. Plaintiff took the release to his wife who refused to sign it. Thereafter, the fourth device failed to function, and plaintiff relies on this final malfunction and his subjective belief that the device would be usable when his pain subsided, as a mutual mistake of fact to avoid the settlement agreement.

On the joint motion of the parties, trial of the matter was bifurcated and evidence was first taken on the matter of the settlement agreement. After receiving testimony and other evidence which elicited the above facts, the Court found that plaintiff had changed his mind about settling his claims when his wife refused to sign the release; concluded that the agreement was not voidable on the ground of mutual mistake or any other basis; held that plaintiff is bound by his agreement; and dismissed the complaint.

Plaintiff presents as a single issue on appeal that the District Court erred in sum-

marily dismissing his action as there is a genuine issue of material fact as to whether the release he signed was voidable by reason of a mutual mistake. He contends that this Court must view the evidence in the light most favorable to the plaintiff as the losing party. But plaintiff fails to recognize that the trial court did not enter summary judgment in this matter under Rule 56, Utah R.Civ.P., to which these rules of review apply. This issue was tried on the merits.

In reviewing the findings and judgment of the trial court, after trial on the merits, this Court must view the evidence in the light most favorable to the prevailing party,[1] and the judgment will be affirmed where the findings of fact are substantiated by the evidence.[2] The findings are supported by the evidence here, and the judgment is affirmed. Costs to defendant.

---

1. *Sohm v. Winegar,* Utah, 565 P.2d 1134 (1977); *Cutler v. Bowen,* Utah, 543 P.2d 1349 (1975); *Taylor v. Johnson,* 15 Utah 2d 342, 393 P.2d 382 (1964).

2. *Charlton v. Hackett,* 11 Utah 2d 389, 360 P.2d 176 (1961); *First Western Fidelity v. Gibbons and Reed Co.,* 27 Utah 2d 1, 492 P.2d 132 (1971).